IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERGIO CHAVARRIA DELGADO, | § | |
| Petitioner, | § | |
| | § | 3:16-CV-1884-B |
| v. | § | 3:13-CR-0119-B |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to possession of a stolen firearm and being a felon in possession of a firearm. The district court sentenced him to 68 months in prison. On October 22, 2015, the Fifth Circuit Court of Appeals affirmed. *United States v. Delgado*, 620 Fed. Appx. 329 (5th Cir. 2015). On June 20, 2016, the Supreme Court denied certiorari.

On June 28, 2016, Petitioner filed the instant § 2255 petition. He argues: (1) his sentence is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act (ACCA); and (2) he is entitled to a sentence reduction under Amendment 798 of the Sentencing Guidelines.

Page 1

On August 19, 2017, the government filed its response. Petitioner did not file a reply. The Court finds the petition should be denied.

II.

**1.** ***Johnson v. United States***

In *Johnson*, the Supreme Court considered the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), which defines "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." (*Id.*) The Court found the residual clause to be unconstitutionally vague.

Although Petitioner was not sentenced under the ACCA, he argues that the career offender enhancement under USSG § 4B1.2(a)(2) contains the same language as the ACCA's residual clause, and therefore his enhanced sentence under § 4B1.2(a)(2) is unconstitutional.[1]

Under the Supreme Court's recent decision in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892 (2017), Petitioner's claims are without merit. *Beckles* held that the sentencing guidelines are not subject to a challenge for vagueness. The Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. Petitioner's claims under *Johnson* are therefore without merit, and his petition should be denied.

---

[1]Section 4B1.2(a) defines a "crime of violence" as any crime punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against another, or (2) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. The italicized clause is what is referred to as the "residual clause."

**2.    Amendment 798**

Petitioner argues his sentence should be reduced under Amendment 798 of the Sentencing Guidelines which eliminated the residual clause in § 4B1.2.  Under 18 U.S.C. § 3582(c)(2) a court may modify a previously imposed sentence if the defendant's applicable sentencing range under the Sentencing Guidelines has subsequently been lowered by the Sentencing Commission.  *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009); *see also* USSG § 1B1.10(a).  Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement.  *Id*.

Misapplication of the Sentencing Guidelines, however, is not cognizable on collateral review.  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).  Rather, a claim for reduction of sentence due to a retroactive guideline amendment should be brought under 18 U.S.C. § 3582(c)(2).  *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994) (per curiam).  Even if the court construed Petitioner's motion as one brought under § 3582 (c)(2), Petitioner would not be entitled to relief because Amendment 798 is not retroactive.  *See* USSG § 1B1.10(d) (2016).  Petitioner's claim should be denied.

III.

For the foregoing reasons, the Court recommends that the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 7th day of November, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).